SANDERS, Justice.
We granted certiorari to review a decision of the Fourth Circuit Court of Appeal denying the purchaser of an imported Mercedes-Benz automobile warranty rights against Mercedes-Benz of North America, Inc., the American distributor that supplied the automobile to the dealer.[1] We reverse.
On April 30, 1968, Media Production Consultants, Inc., a public relations firm, purchased a new 1968 Mercedes-Benz automobile from Cookie’s Auto Sales, Inc., in Baton Rouge. The automobile had been manufactured in Germany by Daimler-Benz Aktiengesellschaft, a German corporation. The manufacturer transferred the automobile at the factory to Daimler-Benz of North America, the American importer, with warranty covering defects in materials and workmanship. At the American port of entry, the importer transferred the automobile to Mercedes-Benz of North America, Inc. (MBNA), the distributor. MBNA inspected the automobile and, at its vehicle distribution center, prepared it for sale to a dealer. It was later sold to Cookie’s Auto Sales, Inc., a dealer holding a franchise from MBNA. The Claims Policies and Procedures Manual, which MBNA furnished to Cookie’s, contains the following warranty:
“Seller [MBNA] warrants (except as hereinafter provided) each part of each new Mercedes-Benz motor vehicle sold by dealer and operated in North America; i. e., the U. S. A. and Canada (including each part of any accessory or equipment thereon manufactured by Daimler-Benz A.G. or supplied by Mer *85 cedes-Benz of North America, Inc.) to be free from defects in material and workmanship under normal use and service until such motor vehicle has been operated for a distance of 24,000 miles or for a period of 24 months from the date of delivery to the original purchaser or from the date of initial operation, whichever event shall first occur.
“Seller’s obligation under this warranty is limited to the replacement or repair at Seller’s option, without charge for installation at Seller’s place of business, of such parts as shall be returned to and acknowledged by Seller to be defective.”
(Specific exclusions omitted.)
“This warranty is expressly in lieu of all other warranties and representations, expressed or implied, and of all other obligations or liabilities on the part of the Seller, Mercedes-Benz of North America, Inc. and Daimler-Benz of North America, Inc. and Daimler-Benz A. G. Seller neither assumes nor authorizes any other person to assume for it any other liability in connection with such motor vehicle.” [2]
Cookie’s sold the automobile to Media. The Mercedes-Benz Owner’s Service Policy delivered with the automobile contained a warranty that the vehicle was “free from defects in material and workmanship.” In it the dealer agreed to replace or repair defective parts. The Service Policy also contains the following provision:
“This warranty is expressly in lieu of all other warranties and representations, expressed or implied, and of all other obligations or liabilities on the part of Dealer, Mercedes-Benz of North America, Inc., and Daimler-Benz A. G. Dealer neither assumes nor authorizes any other person to assume for it any other liability in connection with such motor vehicle.”
The cover of the Mercedes-Benz Service policy bore the inscription: Mercedes-Benz of North America, Inc, Service De *87 partment, 158 Linwood Plaza, Fort Lee, New Jersey. To validate the warranty, the customer was requested to fill in and mail a card captioned “Important-Warranty” to MBNA.
The purchaser also received a manual describing the automobile and giving its specifications, bearing the inscription, Mercedes-Benz of North America, Inc.
Immediately after the purchase, Media found the automobile unsuitable for use. Among the defects were a peeling off of the interior trim, interior lights that did not burn, transmission problems, stalling in traffic, a defective air conditioner, excessive brake squeal, deterioration of rear window channels, uncorrectable vibration, and paint deficiencies.
After futile efforts to obtain correction of the deficiencies, Media surrendered the car to an authorized dealer and filed this suit.
Both lower courts found the vehicle so defective as to require an avoidance of the sale. Accordingly, the sale was set aside with judgment against Cookie’s, the dealer, for the purchase price. The judgment is now final but unexecuted. It is conceded that the dealer is no longer in business.
The question before us is whether or not the automobile buyer can recover from the distributor.
The Court of Appeal held that no express or implied warranty ran from MBNA to Media, the purchaser, and denied recourse against the distributor. In our opinion, this disposition is unsound.
Two warranty obligations are inherent in every sale, the warranty of merchantable title and the warranty of reasonable fitness for the product’s intended use. LSA-C.C. Arts. 2475, 2476.
 The jurisprudence is well settled that warranty limitation provisions in automobile manuals and similar documents delivered with the vehicle have no effect upon the statutory warranty of fitness. Radalec, Inc. v. Automatic Firing Corp., 228 La. 116, 81 So.2d 830 (1955); Hebert v. Claude Y. Woolfolk Corporation, La.App., 176 So.2d 814 (1965); Stevens v. Daigle and Hinson Rambler, Inc., La.App., 153 So.2d 511 (1963); Harris v. Automatic Enterprises of Louisiana, Inc., La.App., 145 So.2d 335 (1962); Fisher v. City Sales and Service, La.App., 128 So.2d 790 (1961); 24 La.L.Rev. 199-200 (1964). Hence, despite the warranty limitation in the Owner’s Service Policy, Media has not renounced the warranty of fitness.
More difficult is the question of whether Mercedes-Benz of North America can be held liable for a breach of the implied warranty.
MBNA asserts that it has no liability in warranty to Media, because it is neither the seller nor manufacturer of the automobile and has no contract with the purchaser.
*89 Media asserts that MBNA occupies the position of manufacturer and, under sound legal theory, no privity of contract is required for a consumer to bring an action in warranty against a manufacturer of a defective product, relying upon Penn v. Inferno Mfg. Corp., La.App., 199 So.2d 210, cert. denied 251 La. 27, 202 So.2d 649 (1967); Marine Ins. Co. v. Strecker, 234 La. 522, 100 So.2d 493 (1958); MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696.
The maker of Media’s vehicle is a foreign corporation, not qualified to do business in the United States. In its distribution agreement, MBNA assumes the total responsibility for marketing the cars in the United States and for selling, servicing, and establishing franchise dealerships. Its name appears upon the Dealers Claims Policies and Procedures Manual, the owner’s service policy, and the owner’s automobile manual.
It operates a vehicle distribution center and inspects, adjusts, and prepares the automobiles for placement in the hands of a dealer for retail sale.
Insofar as the American consumer is concerned, MBNA occupies the position of manufacturer. We hold, therefore, that the liability of MBNA to the American consumer is that of the manufacturer of a defective vehicle. See Penn v. Inferno Mfg. Corp., supra; Carney v. Sears, Roebuck & Co., 309 F.2d 300 (1962); Restatement (Second) of Torts § 400, Comment (C); 65 C.J.S. Negligence § 100(3), p. 1114.
MBNA strongly relies upon the absence of privity between it and the purchaser. The equation of no privity, no liability is the traditional rule that held sway for many years. Beginning with the landmark decision of MacPherson v. Buick Motor Co., supra, in 1916, however, the privity requirement has been eliminated in product liability cases. See, e. g., Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 161 A.2d 69 (1960); Jacob E. Decker & Sons, Inc. v. Capps, 139 Tex. 609, 164 S.W.2d 828 (1942).
Louisiana has aligned itself with the consumer-protection rule, by allowing a consumer without privity to recover, whether the suit be strictly in tort or upon implied warranty. Marine Ins. Co. v. Strecker, supra; LeBlanc v. Louisiana Coca Cola Bottling Co., 221 La. 919, 60 So.2d 873 (1952) ,[3]
We see no reason why the rule should not apply to the pecuniary loss resulting *91 from the purchase of a new automobile that proves unfit for use because of latent defects.
The Legislature has declared that the distribution and sale of motor vehicles in Louisiana vitally affect the public interest. See LSA-R.S. 32:1251. By placing automobiles on the market, the supplier represents to the public that the vehicles are suitable for use. The intervention of a franchised dealer should not mitigate that responsibility. The dealer serves only as a conduit for marketing the automobiles.
The pecuniary loss resulting from an unusable vehicle is recoverable when there is an express warranty without privity. Beck v. Spindler, 256 Minn. 543, 99 N.W.2d 670 (1959); Inglis v. American Motors Corp., 3 Ohio St.2d 132, 209 N.E.2d 583 (1965); Posey v. Ford Motor Co., (Fla.App.), 128 So.2d 149 (1961); Hoskins v. Jackson Grain Co., (Fla.), 63 So.2d 514 (1953). Although there is a split of authority on the question, we find no adequate reason for not applying the same rule and allowing recovery when there is an implied warranty without privity. See Smith v. Platt Motors, Inc., (Fla.App.), 137 So.2d 239 (1962); Continental Copper & Steel Indus., Inc. v. E. C. “Red” Cornelius, Inc., (Fla.App.), 104 So.2d 40 (1958); G.M.C. Truck Co v. Kelley, 105 Okl. 84, 231 P. 882 (1924); Santon v. A & M Karagheusian, Inc., 44 N.J. 52, 207 A.2d 305 (1965); Lang v. General Motors Corp., (N.D.), 136 N.W.2d 805 (1965); Manheim v. Ford Motor Co., (Fla.), 201 So.2d 440 (1967). See also Beck v. Spindler, supra.
We hold, therefore, that Mercedes-Benz of North America, Inc., is solidar ily liable with Cookie’s Auto Sales, Inc. for the price of the automobile and other allowable expenses.
The Court of Appeal has never reviewed the amount of recovery, since it affirmed the trial court’s dismissal of the suit. Hence, the case should be remanded to that court for fixing of the amount of the award. See Felt v. Price, 240 La. 966, 126 So.2d 330 (1961).
For the reasons assigned, the judgment of the Court of Appeal is reversed and judgment is rendered in favor of plaintiff, Media Production Consultants, Inc., and against the defendant, Mercedes-Benz of North America, Inc., in such amount as may hereafter be fixed, said judgment to be in solido with that rendered against Cookie’s Auto Sales, Inc. The case is remanded to the Court of Appeal, Fourth Circuit, for the fixing of the award. All costs are taxed against the defendant.

. La.App., 247 So.2d 266 (1971). Writ granted 259 La. 55, 249 So.2d 200 (1971).

. The four-page dealership contract executed by MBNA and Cookie’s Auto Sales, Inc. contains the following italicized paragraph: “Twelfth: EXCEPT AS EXPRESSLY STATED IN SUBPARAGRAPH (N) OE PARAGRAPH 10 AND SUBPARAGRAPH (H) OE PARAGRAPH 11 of the STANDARD PROVISIONS OF THE DEALER AGREEMENT, MBNA MAKES NO WARRANTIES WHATSOEVER, EXPRESS OR IMPLIED, AS TO PERFORMANCE, CHARACTERISTICS, SPECIFICATIONS, OR CONDITION OF MERCEDES-BENZ PASSENGER CARS OR MERCEDES-BENZ PARTS TO BE SUPPLIED BY IT TO THE DEALER, INCLUDING BUT NOT LIMITED TO THE MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE AND ASSUMES NO LIABILITY WHATSOEVER, WHETHER FOR DIRECT, INDIRECT, OR CONSEQUENTIAL DAMAGES, OR IN ANY OTHER WAY IN CONNECTION WITH SUCH PERFORMANCE, CHARACTERISTICS, SPECIFICATIONS, OR CONDITION.”

. Under French law, the right to sue the original vendor for breach of warranty of quality is transmitted with the object of the sale. Hue, Commentaire théorique et pratique du Code civil X (1897) No. 154, p. 209 ; Baudry-Lacantinerie et Saignat, Traite théorique et pratique de droit civil XVII, De la vente et de l’échange (2 ed. 1900) No. 432, pp. 368-369; 14 Tul.L.jRev. 471.