299 So.2d 495 (1974)
Wyman I. DUNLAP
v.
CHRYSLER MOTORS CORP., and Howard Motors, Inc.
No. 5630.
Court of Appeal of Louisiana, Fourth Circuit.
July 1, 1974.
Rehearings Denied September 10, 1974.
Writs Denied October 28, 1974.
*496 Malcolm B. Robinson, Jr., Bernard, Micholet & Cassisa, Metairie, for defendant-appellant Howard Motors Corp.
J. Broocks Greer, III, Milling, Benson, Woodward, Hillyer & Pierson, New Orleans, for defendant-appellant Chrysler Motors Corp.
C. Ellis Henican, Jr., Henican, James & Cleveland, New Orleans, for plaintiff-appellee.
Before REDMANN, J., and HUFFT and WICKER, JJ. Pro Tem.
THOMAS C. WICKER, Jr., Judge Pro Tem.
This is a redhibitory action in which plaintiff, Wyman I. Dunlap, sued Chrysler Motors Corporation and Howard Motors, Inc., to rescind the sale of an automobile. After trial of the matter, the District Court rendered judgment in favor of Wyman I. Dunlap, ordering defendants to return the purchase price of $3,413.74, less $2,000.00, the sum charged plaintiff for use of the vehicle.
The Court further ordered that defendants pay plaintiff $1,000.00 damages and $1,000.00 attorney fees, together with legal interest from date of judicial demand and costs, as authorized by Article 2545 of the Louisiana Civil Code. From this judgment, defendants have appealed. Plaintiff has answered the appeal and seeks to disallow credit for use of the defective automobile and requests an increase in attorney fees for services rendered on appeal.
The record reflects that on March 26, 1968 plaintiff's wife purchased a new 1967 Plymouth Fury I, Four Door Station Wagon from defendant, Howard Motors, Inc., in New Orleans, Louisiana. Although the automobile was manufactured by Chrysler Corporation, for the purposes of this particular action it stands in the position of Chrysler Motors Corporation. The defendants admit that at the time of purchase, the automobile had been in possession of Howard Motors, Inc. for eight or nine months.
Within three days of delivery, plaintiff discovered that the car had numerous defects. He brought the automobile to Howard Motors to no avail on numerous occasions for correction of the defects. On no less than three occasions, prior to filing suit, plaintiff submitted to both defendants lists of complaints of defects in the vehicle.
Although defendants assured plaintiff that the necessary corrections had been made, many were never corrected even to date of trial. Formal legal tender to the vehicle was made by plaintiff to Howard by letter dated August 1, 1968, a copy of which was sent to Chrysler Motors Corporation. Howard refused the tender, stating that in its experience, Chrysler has never agreed to take back an automobile. Shortly thereafter, plaintiff instituted this suit. Plaintiff travelled extensively in his business *497 and at the time of the tender the automobile had travelled approximately 20,000 miles.
The statutory basis of an action in redhibition is Civil Code Article 2520, which provides:
"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
The test for the applicability of the redhibition article to the sale of defective automobiles has been recently enunciated in a number of cases. Prince v. Paretti Pontiac Company, Inc., La., 281 So.2d 112 (1973); Juneau v. Bob McKinnon Chev. Co., 260 So.2d 919 (La.App. 4th Cir., 1972); Peters v. Pattison Pontiac Co., 259 So.2d 99 (La.App. 4th Cir., 1972); Cleveland v. Chrysler Motors Corp., 259 So.2d 450 (La.App. 4th Cir., 1972); Clark v. McBride Dodge, Inc., 289 So.2d 841 (La. App. 4, 1973).
Some of the defects listed by plaintiff were apparent defects which would not support redhibition. La.C.C. Art. 2521. Others would not support redhibition because the defects neither rendered the automobile absolutely useless nor rendered the use of the automobile so inconvenient and imperfect that it must be supposed that the vendee would not have purchased it had he known of the defects. However, a vendee need only show that there existed one defect at the time of sale which was a "vice . . . in the thing sold, which renders . . . its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice." La.C.C. Art. 2520. We concur in the findings of the lower court judge that such a defect was shown to exist in the "whirring noise in the rear end", the "hissing from both sides around the door" and the "badly out-of-balance wheels", among other defects. We find that the above listed defects were non-apparent defects which the vendee could not have discovered through simple inspection of the automobile. Nor did the salesman tell plaintiff or his wife, before or at the time of the sale, that the automobile had such defects. Additionally, we find from the evidence adduced at trial, that these defects existed at the time the automobile was sold to plaintiff. La.C.C. Art. 2521; Prince v. Paretti Co., Inc., 262 So.2d 826 (La.App. 4th Cir., 1972) rev. La. 281 So.2d 112 (1973).
The evidence adduced at trial revealed that plaintiff had driven the automobile approximately 96,000 miles prior to the date of trial.
Appellants contend there can be no rescission of the sale unless the vendee can return the automobile to the vendor in substantially the same condition as it was when it was sold. The doctrine of the cases cited by appellants is inapplicable to the facts of this case. Plaintiff was lulled into using the car, believing defendants would correct the defects in the automobile. Further, plaintiff was required to use this automobile in order to sell produce over a wide geographical area.
The Supreme Court of Louisiana recognized required long distance travel in the Prince case, supra. In that case, although the automobile was driven over 9,000 miles, the court granted judgment in favor of Prince, rescinding the sale. Implicit in this holding is the recognition of the principle that extensive use of an automobile under certain fact situations would not bar a vendee from successfully bringing a redhibitory action under Civil Code Article 2520. See also Reech v. Coco, 223 La. 346, 65 So.2d 790 (1953).
Appellant, Howard Motors, Inc., contends that plaintiff executed a waiver of the implied warranty against hidden defects contained in the redhibition article by *498 executing a retail buyer's order on the bottom of which was printed the following:
"It is agreed and understood that no warranties of any kind or character, either expressed or implied, are made by you of and concerning the car to be delivered to me, other than the specific warranty given by Chrysler Motors Corporation to me; . . . no other agreement, promise, or understanding of any kind pertaining to this purchase will be recognized except a conditional sale contract, in writing, executed by the undersigned buyer as purchaser thereunder."
An exclusion of this type, or waiver of warranty by which parties take themselves out of the coverage of general or specific law and make a law unto themselves, must be strictly construed. Harris v. Automatic Enterprises of La., 145 So.2d 335 (La.App. 4th Cir., 1962). To constitute a valid waiver of this protection, the waiver must be clear, explicit and unambiguous. La.C.C. Art. 2474; see also Stumpf v. Metairie Motor Sales, Inc., 212 So.2d 705 (La.App. 4th Cir., 1968).
In Stumpf, the defendant sought to avoid liability in a redhibitory action similar to the case at bar. This court held that circumstances, analogous to the instant case, fell short of a clear, explicit and unambiguous waiver and would therefore not preclude plaintiff's right to an action in redhibition. We find the document under scrutiny in Stumpf to be similar, if not identical, to the document in this case and also hold that the line of reasoning which was held applicable in Stumpf as to this issue is dispositive of the same issue here.
Furthermore, in the Prince case, supra, the Supreme Court of Louisiana held that:
"Warranty limitation provisions in `Buyer's Order' documents and automobile service manuals have no effect on the implied warranty against hidden defects. 281 So.2d at 116-117."
See also Media Prod. Consultation, Inc. v. Mercedes-Benz of N.A., Inc., 262 La. 80, 262 So.2d 377 (1972).
Thus, this court finds that the trial judge properly held that the sale of the vehicle in question should be rescinded.
The evidence adduced at trial showed the plaintiff had driven the automobile approximately 96,000 miles prior to the date of trial. The lower court granted to defendant a credit of $2,000.00, as the value of the use of the automobile by plaintiff. We find no error in allowing this sum as a credit.
Plaintiff was awarded $1,000.00, attorneys' fees and damages in the amount of $1,000.00, under Louisiana Civil Code Article 2545. This Court feels that the award to the plaintiff for attorneys' fees should be increased by $500.00 or to a total amount of $1,500.00 to include services performed on this appeal.
The plaintiff was awarded damages by the lower court in the amount of $1,000.00. We feel this award was improper because plaintiff has failed to prove these damages as required by law, Sullivan v. Goldman, 19 La.Ann. 12 (1867); Di-Giovanni v. April, 261 So.2d 360 (La.App. 1st, 1972).
For the reasons assigned, the judgment appealed from is affirmed as amended at appellant's cost.
Judgment amended and affirmed.
REDMANN, Judge (dissenting).
In my opinion the car's problems, even taken all together, are not such as would dissuade a buyer from buying, and therefore would not entitle plaintiff to rescission. The most serious problem was that of the rear end.
Plaintiff's exasperating difficulty was that he could not get defendant to fix these minor problems. Defense witnesses *499 facilely recite trifling costs for remedying each defect, but defendant did not fix the car when brought in for servicing.
The rear end, which may have originally been a serious defect, was completely replaced. Plaintiff still complained of rear end noise, but his testimony of having bearings replaced two or three times a year is uncorroborated. There was no evidence to show that the level of rear end noise was beyond the expectable, nor that it was the result of any defect.
Because the dealer would not itself repair the minor defects, I conclude plaintiff is entitled to a price reduction estimated at $500.