FRUGÉ, Judge
(dissenting).
I agree with the majority that this case is governed by Civil Code articles 2541-2544. However, in my opinion St. Louis High School has carried its burden of proving that the compressor was defective. For this reason, I must respectfully dissent.
It is clear under our jurisprudence that a manufacturer may be sued on the implied warranty provided in Civil Code article 2476. Media Pro. Consult., Inc. v. Mercedes Benz of N. A., Inc., 262 La. 80, 262 So.2d 377; Rey v. Cuccia, 298 So.2d 840 (La.1974). The plaintiff must show that a defect existed at the time of sale but he does not have to show the exact cause of the defect. Mid-City Finance Co. v. Coleman, 232 So.2d 918 (La.App. 4th Cir. 1970); Hanna Investments v. Stovale, 171 So.2d 678 (La.App. 2nd Cir. 1965) ; Glenn v. Caire, 164 So.2d 656 (La.App. 3rd Cir. 1964).
At trial and in its answer to interrogatories, Trane admitted that the compressor which' failed had a design life of 20,000 hours or approximately 10 years. Although Trane did not guarantee the compressor for this long, Mr. Victor Moreno who sold the unit testified that he was aware that these units had a design life of 10 years and that Trane used this as a selling point. Mr. Moreno also testified that the building specifications called for Trane equipment.
St. Louis was aware that the compressor could have failed for reasons other than defective manufacture. The evidence indicates that the unit was properly installed and maintained. There is also no evidence that the failure was due to a power shortage or an act of God. In these circumstances I think that St. Louis has carried its burden of proving by a preponderance of evidence that the compressor was defectively manufactured and was not fit for its intended use.
Several experts in air conditioning repair testified at trial that the unit would have failed much sooner if it was defective. However, where St. Louis has proven that the most plausible explanation of the failure is mechanical defect, it has carried its burden. I would reverse.