316 So.2d 795 (1975)
WOMACK AND ADCOCK, Attorneys
v.
3M BUSINESS PRODUCTS SALES, INC., et al.
No. 10329.
Court of Appeal of Louisiana, First Circuit.
June 30, 1975.
Rehearing Denied August 26, 1975.
Donald L. Beckner, Baton Rouge, for defendant-appellant Lanier Business Products Sales.
J. Glenn Dupree, Baton Rouge, for plaintiff-appellee.
Eugene R. Groves, Baton Rouge, for defendant-appellant-appellee 3M Business Products Sales, Inc.
Before LOTTINGER, COVINGTON and BAILES, JJ.
*796 COVINGTON, Judge:
This is a redhibitory action in which the plaintiff, Womack & Adcock, Attorneys, sued Lanier Company, Inc. of the Mid-South, the seller, and the 3 M Business Products Sales, Inc., the manufacturer, to rescind the sale of a 3 M copier machine, Model 191VQC, which is an electronic automatic copy machine. The seller and the manufacturer denied liability. After trial, the district court awarded judgment on January 3, 1975, in favor of the plaintiff and against the defendants solidarily in the amount of $1,445.90, and against the manufacturer for attorney's fees in the amount of $500.00. Both defendants suspensively appealed this judgment. We affirm.
Under the articles of the Louisiana Civil Code the buyer can bring an action against the seller to rescind the sale for breach of implied warranty; LSA-C.C. Arts. 2475, 2476, 2520, 2530. Since the now famous case of Media Pro. Consult., Inc. v. Mercedes-Benz of N. A., Inc., 262 La. 80, 262 So.2d 377 (1972), noted in 33 La.L.Rev. 724 (1973) and 47 Tul.L.Rev. 473 (1973), the buyer's action for breach of implied warranty has been extended to all sellers in the chain of sales back to the primary manufacturer; see Rey v. Cuccia, La., 298 So.2d 840 (1974); Clark v. McBride Dodge, Inc., 298 So.2d 841 (La.App. 4th Cir. 1973); Breaux v. Winnebago Industries, Inc., 282 So.2d 763 (La.App. 1st Cir. 1973); Barham: Redhibition; A Comparative Comment, 49 Tul.L.Rev. 376 (1975).
As the Court aptly stated in the Media case, supra, at page 381:
"Louisiana has aligned itself with the consumer-protection rule, by allowing a consumer without privity to recover, whether the suit be strictly in tort or upon implied warranty."
The record shows that on August 20, 1973, plaintiff bought the subject copier machine from Lanier; it had been manufactured by 3 M. At the time of the sale the copier was a new machine and it was represented by the seller as suitable equipment to adequately fulfill the copying needs of plaintiff's law office.
Almost immediately after the sale the plaintiff discovered that the copier produced a poor-quality copy and malfunctioned frequently. The evidence shows that the seller made repeated efforts to repair the copier, but to no avail. The copier contained an inherent manufacturing defect in an essential part of the machine, namely, the fuser blanket, which performs the function of fusing the image to the paper, in that the blanket was not built to meet the extended and prolonged use of the copier by a consumer such as plaintiff's busy law office. Eventually the seller installed a sensor kit, a device designed to monitor and control the temperature of the copier to give longer serviceable usage of the fuser blanket. In addition, there was a defective component of the paper-cutting blade, which often caused the copier to continue to run when it was supposed to shut off. Moreover, during the period of time August 20, 1973, until February of 1974, when the copier was in the plaintiff's office, the machine was repeatedly unavailable for use due to breakdowns, defective copies, paper jams, and service repairs. The testimony of the attorneys and the secretaries in plaintiff's law office who were familiar with the operation of the copier establishes the defective operation of the copier. The evidence further establishes that there were numerous service calls to repair the copier for various reasons. Finally, the buyer made tender of the thing to the seller which tender the seller refused.
We have reviewed the evidence and find, as did the trial court, that the plaintiff has presented direct and circumstantial evidence from which a reasonable inference can be drawn that the defect existed at the time of the sale. The copier was installed in plaintiff's law office in the latter part *797 of August, 1973, and the problems experienced by the plaintiff began shortly thereafter in September. The evidence shows repeated and numerous mechanical breakdowns, poor-quality copies, unavailability of the copier for use, and other problems, which commenced soon after the sale, and such evidence preponderates in favor of the defect existing at the time of the sale. Further, the testimony of the defendants' witnesses regarding the life-expectancy of certain essential elements of the copier leads us to conclude that the copier was defective at the time of the sale.
After hearing the evidence and considering the law, the trial court reached the conclusion with which we agree, that:
"Considering the number of service calls, the short life of the fuser blankets, the malfunctioning blade apparatus and the jamming and breakdowns, the court is of the opinion that the machine contained redhibitory vices which entitle the plaintiffs to rescind the sale."
A redhibitory defect entitling the buyer to rescind the sale is some non-apparent defect existing before the sale in the thing sold which renders it useless or its use so imperfect that the buyer would not have bought it if he had known of the defect; see LSA-C.C. Arts. 2520, 2521, 2530; Wade v. McInnis Peterson Chevrolet, Inc. 307 So.2d 798, 801 (La.App. 1st Cir. 1975).
In the Rey case, supra, the Court said, at page 842:
"A redhibitory defect entitling the buyer to annul the sale is some defect in the manufacture or design of a thing sold `which renders it absolutely useless, or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it, had he known of the vice.' Article 2520. Upon proof of such a defect, the buyer is entitled to annul the sale and recover the purchase price, rather than being limited to recovering the cost of curing any such substantial defects."
Accordingly, we find that the buyer has proved a redhibitory defect entitling him to rescind the sale and to recover the purchase price from the seller.
Moreover, as stated in the Breaux case, supra, at page 770:
". . . the manufacturer's implied warranty includes, at least, a warranty against redhibitory defects for which the manufacturer can be held solidarily with the actual vendor."
Thus, we find that the manufacturer here is solidarily liable with the seller for the return of the purchase price.
Under the cases of Media, Rey, Clark and Breaux, cited supra, it is clear that when a sale is rescinded because of a redhibitory defect related to the original manufacture of the product, the buyer may recover the pecuniary loss resulting from the purchase from the manufacturer as well as from the seller. Hence, we are in accord with the trial court's holding that both defendants are solidarily liable to the plaintiff. We also agree with the trial court's allowance to the defendants of a credit for the plaintiff's use of the copier machine during a six-month period figured at $85.00 per month for a total credit of $510.00; see Breaux v. Winnebago Industries, Inc., supra. The trial court also correctly held the manufacturer, but not the seller, liable for attorneys fees in the amount of $500.00, because the manufacturer is presumed to know of the defects in his product and, consequently, is liable for reasonable attorneys fees; see LSA-C.C. Art. 2545; Rey v. Cuccia, supra. For the foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
Affirmed.