317 So.2d 1 (1975)
James N. LeBLANC et ux.
v.
ELLERBEE BUILDERS, INC., et al.
No. 10340.
Court of Appeal of Louisiana, First Circuit.
July 8, 1975.
Rehearing Denied August 26, 1975.
*2 Karl W. Cavanaugh, Denham Springs, for appellants.
Charles S. McCowan, Jr., Baton Rouge, for appellees.
Before LANDRY, BLANCHE and YELVERTON, JJ.
BLANCHE, Judge.
Plaintiffs-appellants, James N. LeBlanc and Connie LeBlanc, appeal an adverse judgment of the Nineteenth Judicial District Court, which granted the peremptory exception of "no right or cause of action" of defendant-appellee, Ellerbee Builders, Inc. We affirm.
On June 14, 1972, the plaintiffs purchased from defendant, Teddy Harger Construction Company, a certain house in Shenandoah Estates, Baton Rouge, Louisiana, for $46,500. The plaintiffs allege that a redhibitory vice in the form of a crack in the concrete slab of the house developed subsequent to the purchase and threatened the structural integrity of the building. They contend that both defendants knew or should have known of the defects in the construction which caused the vice. Therefore, plaintiffs claim that they are entitled to a recission of the sale because of a redhibitory vice.
Ellerbee Builders, Inc., was joined in the suit since they were the actual builder of the subject house. Harger, as the developer, hired Ellerbee to construct this particular house for speculative sale. Plaintiffs alleged in their petition that they purchased the house from defendant Harger alone and not from both Harger and Ellerbee.
The plaintiffs' claims against Harger are not before the Court on this appeal.
As the instant suit is before this Court on an exception of no cause of action, the only issue is whether or not the law affords a remedy to the plaintiffs for the particular grievances alleged in their petition. American Bank & Trust Co. v. French, 226 So.2d 580 (La.App. 1st Cir. 1969). The exception of no cause of action concedes for the purposes of its trial the correctness of a well-pleaded fact in the petition. The exception merely puts at issue the sufficiency in law of said petition. Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968).
A purchaser's right to rescind a sale is governed by Title VII, Chapter 6 of the Revised Civil Code of Louisiana. Article 2475 provides as follows:
"The seller is bound to two principal obligations, that of delivering and that of warranting the thing which he sells."
Article 2476 provides as follows:
"The warranty respecting the seller has two objects; the first is the buyer's peaceable possession of the thing sold, *3 and the second is the hidden defects of the thing sold or its redhibitory vices."
In a factual situation almost identical to the instant case, the Supreme Court of Louisiana held that an action for redhibition can be maintained only against the purchaser's vendor. A subcontractor who was employed by the vendor to build the house was specifically excluded from the purchaser's redhibitory action, as there was no relationship of vendor-vendee between him and the purchaser, Cipriano v. Superior Realty and Construction Corp., 228 La. 1065, 84 So.2d 822 (1955).
The plaintiffs' petition has not alleged a vendor-vendee relationship existed between them and Ellerbee and under the literal wording of Articles 2475 and 2476 and the Cipriano case, supra, the plaintiffs, as a matter of law, have failed to state a cause of action against the defendant Ellerbee.
Nevertheless, the plaintiffs argue that they should recover under Louisiana's so-called Consumer Protection Rule as set forth in Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc., 262 La. 80, 262 So.2d 377 (1972). In Media the Louisiana Supreme Court allowed the purchaser of a new automobile to recover in solido from his vendor and the manufacturer of the purchased product, even though the manufacturer was not the purchaser's immediate vendor. The plaintiffs contend that Ellerbee was in the same position as the manufacturer in Media, and, therefore, a recovery in solido is warranted.
In Media, the Supreme Court stated:
"The Legislature has declared that the distribution and sale of motor vehicles in Louisiana vitally affect the public interest. See LSA-R.S. 32:1251. By placing automobiles on the market, the supplier represents to the public that the vehicles are suitable for use. The intervention of a franchised dealer should not mitigate that responsibility. The dealer serves only as a conduit for marketing the automobiles." (Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc., 262 So.2d at 381)
The instant case is inapposite to Media. Ellerbee, the subcontractor herein, did not represent to the plaintiffs that the house was suitable for their use as did the manufacturer in Media. In Media, the plaintiff's vendor was an intermediary, a franchised automobile dealer. However, in the instant case the plaintiffs' vendor was not an intermediary but was, in fact, the actual owner and vendor of the subject house. Additionally, the plaintiffs' vendor in the instant case was not merely a conduit for marketing a product as was the vendor in Media, but rather the plaintiffs' vendor was the principal contractor and motivating force behind the entire construction and sale of the house to the plaintiffs.
In Redhibition: A Comparative Comment, 49 Tulane Law Review 376, Associate Justice of the Louisiana Supreme Court, Mack E. Barham considered that the relationship of vendor-vendee must exist before redhibition is granted even in the so-called consumer cases such as Media. As noted previously, the plaintiffs have not alleged such a relationship existed in the instant case.
The plaintiffs also rely upon Tuminello v. Mawby, 220 La. 733, 57 So.2d 666 (1952), for the proposition that Ellerbee in the instant case was a "builder" and under the jurisprudence of this state, an artisan, craftsman, builder or manufacturer is presumed to know of the vice or defect in articles he constructs, manufactures or builds. They, therefore, reason that even in the absence of privity of contract with *4 plaintiffs, Ellerbee is liable to them for the defects.
This identical argument was advanced in the Cipriano case, supra, to no avail. In disposing of the argument, the Supreme Court first noted that contrary to the facts of Cipriano (and also the instant case), the contractor who actually built the house in Tuminello was also one of the vendors. The Court then reiterated that absent the relationship of vendor-vendee, the purchaser has no action in redhibition against the subcontractor who merely builds the house.
Appellants next contend that they were subrogated by operation of law to the rights and actions in warranty of Teddy Harger Construction Company against Ellerbee. Citing LSA-C.C. Art. 2503,[1] they argue that they have an action at law against Ellerbee and, therefore, their suit should not have been dismissed. Article 2503 allows a purchaser to subrogate to the rights which his own vendor had against prior vendors in the chain of title. The plaintiffs have not alleged that Ellerbee was in the chain of title and, therefore, Article 2503 is clearly inapplicable.
As the plaintiffs have not alleged any legal theory by which they can recover from Ellerbee for the complained of redhibitory vice, the judgment of the Nineteenth Judicial District Court granting the peremptory exception of no cause of action in favor of Ellerbee Builders, Inc., against the plaintiffs, James N. LeBlanc and Connie LeBlanc, is hereby affirmed. All costs are to be paid by appellants.
Affirmed.
NOTES
[1] LSA-C.C. Art. 2503 provides:

"The parties may, by particular agreement, add to the obligation of warranty, which results of right from the sale, or diminish its effect; they may even agree that the seller shall not be subject to any warranty.
"But whether warranty be excluded or not the buyer shall become subrogated to the seller's rights and actions in warranty against all others. (As amended by Acts 1924, No. 116)