390 So.2d 920 (1980)
Gertie Lee BISON, Plaintiff-Appellee,
v.
Joseph LaHOOD, d/b/a LaHood's Mobile Homes, Defendant and Third-Party Plaintiff-Appellee,
Winston Industries, Inc., Third-Party Defendant-Appellant.
No. 14286.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1980.
Rehearing Denied December 8, 1980.
*921 Watson, Murchison, Crews, Arthur & Corkern, by William P. Crews, Jr., Natchitoches, for third party defendant-appellant Winston Industries, Inc.
Love, Rigby, Dehan, Love & McDaniel, by William G. Nader, Shreveport, for plaintiff-appellee Gertie Lee Bison.
Colvin, Hunter, Brown, Plummer & Means, by D. Scott Brown, Mansfield, for defendant and third party plaintiff-appellee Joseph LaHood.
Before PRICE, MARVIN and JASPER E. JONES, Jr., JJ.
En Banc. Rehearing Denied December 8, 1980.
PRICE, Judge.
In this redhibitory action the plaintiff, Gertie Lee Bison, seeks to rescind the sale of a mobile home and to recover expenses and attorney fees. The defendants are the retailer, Joseph LaHood d/b/a LaHood's Mobile Homes, and the manufacturer, Sherwood Homes division of Winston Industries, Inc. The district court ordered the rescission based upon its finding that defects present in the home at the time of sale rendered it useless or so imperfect that the plaintiff would not have bought it had she known of the defects. Judgment was rendered in favor of plaintiff and against both defendants in solido for $36,723.88 plus legal interest subject to a credit of $50 per month of occupancy of the mobile home by plaintiff. Sherwood was further ordered to pay plaintiff's attorney fees in the sum of $2,000 plus interest from the date of judgment. Sherwood appeals the judgment of the district court and for the reasons hereinafter set forth we affirm.
The first specification of error made by the appellant is that the district court erred in overruling its peremptory exceptions of prescription to the plaintiff's principal demand and LaHood's third party demand.
Plaintiff instituted this suit against LaHood on April 18, 1978, and by answer filed December 13, 1978, LaHood made a general denial and asserted a third party demand against Sherwood. Sherwood filed a peremptory exception of prescription on December 28, 1978, to LaHood's third party demand. By supplemental petition filed January 4, 1979, plaintiff amended the principal demand to add the manufacturer, Sherwood, as co-defendant. Sherwood responded by filing peremptory pleas of prescription and no right or cause of action to plaintiff's principal demand.
Relying on C.C. Arts. 2534, 2545, and 2546, Sherwood contends that since the original and supplemental petition were filed more than one year from the date of the sale on April 14, 1977, plaintiff's cause of action had prescribed. This contention is without merit and the trial court correctly overruled these exceptions.
The filing of suit against one solidary obligor interrupts the running of prescription as to another co-obligor not originally sued. C.C. Art. 2097. The manufacturer and the retail dealer are solidarily liable for return of the purchase price when a sale is rescinded for redhibitory defects. Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc., 262 La. 80, 262 So.2d 377 (1972). Once the prescriptive period has commenced to run, any repair attempts made by the seller interrupt prescription, and the purchaser has one year from the last attempted repair to bring suit. Domingue v. Whirlpool Corporation, 303 So.2d 813 (La.App.3d Cir. 1974).
Sherwood concedes that its plea of prescription to the principal demand cannot be sustained if suit was timely filed against the seller LaHood. We conclude, as did the *922 trial judge, that suit was timely instituted against LaHood. The evidence discloses that LaHood attempted the repair of plaintiff's mobile home within a year from the date of sale. Plaintiff telephoned LaHood on numerous occasions complaining of the problems she was experiencing. LaHood admits that he made representations to plaintiff that her problems would be corrected. At one point some time after the sale, an employee of LaHood did some repair work on the air conditioning and heating units. Plaintiff introduced into evidence receipts from her telephone bills showing calls made to LaHood during a period from April 19 to April 26, 1977. LaHood acknowledged these calls and testified that each time plaintiff called he assured her that action would be taken. We agree with the trial court that LaHood's repair efforts and representations that repairs would be made interrupted the prescriptive period and suit was therefore timely filed against LaHood. See Weaver v. Fleetwood Homes of Mississippi, Inc., 327 So.2d 172 (La.App.3d Cir. 1976).
We find no merit in Sherwood's contention that the third party demand of LaHood had prescribed. Sherwood's reliance on C.C.P. Art. 1067 is misplaced. The purpose of C.C.P. Art. 1067 is to provide a period for the filing of an incidental action, otherwise prescribed, if it is filed within ninety days of the main demand. The third party demand of LaHood was one made for indemnification in the event he was found liable on the principal demand. Prescription on a demand for indemnity does not begin to run until the third party plaintiff is cast in judgment on the principal demand. Edward Levy Metals, Inc. v. New Orleans Public Belt Railroad, 243 La. 860, 148 So.2d 580 (1963). Since LaHood's third party demand was filed prior to judgment on the principal demand, prescription on the demand for indemnity had not commenced.
Alternatively Sherwood contends plaintiff should be estopped from bringing this action because certain work done by its employees in the fall of 1977 was accepted by plaintiff in satisfaction of all her claims against Sherwood. The basis of this contention is a service worksheet of Sherwood signed by plaintiff over the printed words "signature denotes work completed to customer's satisfaction." This concept of accord and satisfaction requires an offer and acceptance like any other contract before it is binding on the parties. After reviewing the evidence offered, the trial court found the evidence insufficient to establish the necessary elements of an accord and satisfaction. See Pipes v. Jesse F. Heard & Sons, Inc., 258 So.2d 187 (La.App.2d Cir. 1972). We find no manifest error in this conclusion.
In its next assignment of error Sherwood contends plaintiff failed to establish the existence of defects that were serious enough to warrant a rescission of the sale, and that the defects which admittedly did exist could have been repaired for a minimal cost. There is no question that the evidence shows the following defects became apparent shortly after delivery of the mobile home to plaintiff:
(1) The rear sliding door failed to open or close properly and the lock was broken.
(2) The tub in the front bathroom leaked.
(3) The air conditioning system did not heat or cool properly.
(4) Water leaks in the roof caused stains on ceiling tile and walls in every room in the mobile home.
(5) All of the outside windows leaked.
(6) The ceiling in the rear bedroom had sagged and separated.
(7) The cross beam in the den had separated from the ceiling.
(8) One kitchen cabinet and air vent had separated from the wall.
(9) There were numerous unaligned and mismatched wall joints.
(10) Water accumulated in the hall light fixture after a rain.
(11) The carpeting on the floor adjacent to the den was buckled.
(12) The drapes had been damaged by water leaks.
*923 (13) The exterior paneling on the home had buckled and deteriorated.
(14) The two halves of the double-wide mobile home were not evenly joined together.
(15) The front door would not completely close.
The appearance of these defects shortly after plaintiff occupied the mobile home compels the conclusion that they resulted from poor workmanship and materials and were in existence on the date of the sale.
Sherwood's contention that rescission is not an appropriate remedy because the defects were easily repairable at minimal cost is not supported by our jurisprudence. We have noted previously that:
... To prevail in an action for redhibition a purchaser need not prove that the alleged defect is difficult to repair. The purchaser need only prove defects which render the thing sold either absolutely useless or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice.... Ticheli v. Silmon, 304 So.2d 792, 797 (La.App.2d Cir. 1974).
We find no manifest error in the conclusion of the trial court that plaintiff was entitled to have the sale rescinded.
Lastly, Sherwood contends that the trial judge erred in refusing to grant it an offset of $200 per month based on the use value of the mobile home to plaintiff. Sherwood presented evidence in the form of testimony showing the rental value of comparable mobile homes in the area. The trial judge considered this testimony but found a rental credit of $50 per month was appropriate in this instance because of the many defects present in the home. The fair rental value was definitely affected by the defective conditions, and the reduction allowed by the trial judge was well within his discretion. See Weaver v. Fleetwood Homes of Mississippi, Inc., supra.
For the foregoing reasons, the judgment appealed is affirmed at appellant's cost.