REDMANN, Chief Judge.
We granted certiorari, in this redhibitory action by purchasers against the builder of a house, to review the district court’s order that plaintiffs make the house available to defendant so that the builder might remedy the defects on which plaintiffs base their claim for redhibition.
We reverse that ruling. La.C.C. 2531 provides that the “seller who knew not the vices of the thing” is not obliged to return the purchase price unless he fails to correct the vices, and therefore implies an obligation upon the buyer to allow the good-faith seller to correct the vices. But C.C. 2545 contains no such limit on the obligation of the “seller, who knows the vice of the thing he sells and omits to declare it.”
The manufacturer of a defective thing is charged with knowledge of its defects, Media Pro. Consult, Inc. v. Mercedes-Benz of N.A., Inc., 262 La. 80, 262 So.2d 377 (La.1972). The builder-seller of a building is its manufacturer, charged with knowledge of its defects, and the builder-seller’s liability is governed by C.C. 2545 rather than C.C. 2531, Cox v. Moore, 367 So.2d 424 (La.App. 2 Cir.1979), writ denied 369 So.2d 1634.
The ruling complained of is reversed and the matter remanded.