PER CURIAM.
The issue on appeal is whether defendant, as distributor of a product, should be found to occupy the position of manufacturer and thus be held liable for injuries caused by the product.
On April 11, 1986, Max Fremin, Jr., a minor, purchased Jaegermeister, an alcoholic beverage, from Walter Mathis, d/b/a Hawaiian Liquor Store. Sometime later Fremin was involved in an automobile accident with Michael Arnold. Arnold filed suit against numerous defendants, including Max Fremin, Jr.; Max Fremin, the minor’s father; Walter Mathis, d/b/a Hawaiian Liquor Store; David Y. Martin, Jr., Inc., d/b/a Wines Unlimited, the distributor *625 of Jaegermeister; and Sidney Frank Importing Company, Inc., the importer of Jae-germeister. Thereafter, Martin filed the peremptory exception raising the objection of no cause of action. The trial court sustained Martin’s exception and dismissed plaintiff’s petition as to Martin. Plaintiff was given fifteen days in which to amend his petition and state a cause of action, however he did not do so. Plaintiff has filed this appeal.
On appeal plaintiff contends that Martin, as a distributor of Jaegermeister, may be liable for injury to a non-consumer when the promotion of the beverage was likely to cause the beverage to be consumed by people to the point of irrational behavior. Plaintiff concedes that Martin did not manufacture the Jaegermeister nor was it the direct vendor of the product to Max Fre-min, Jr. However, plaintiff contends that as the “conduit vendor” of the product, Martin is nonetheless liable to third parties injured by the use of the product.
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984).
In a products liability suit against a manufacturer a plaintiff must prove the harm resulted from the condition of the product, the condition made the product unreasonably dangerous to normal use, and the condition existed at the time the product left the manufacturer’s control. Halphen v. Johns-Manville Sales Corporation, 484 So.2d 110 (La.1986).
In Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc., 262 La. 80, 262 So.2d 377 (1972), the court stated that a distributor may be held liable if it occupied the position of a manufacturer insofar as the consumer was concerned. In Media, the court noted that an automobile distributor assumed total responsibility for selling, servicing and establishing franchise dealerships. The distributor, whose name appeared on the owner’s auto manual, also operated a vehicle distribution center and inspected, adjusted and prepared the automobiles for placement in hands of the dealer for retail sale.
We find the instant case to be distinguishable from Media. Plaintiff’s petition does not allege that Martin was the sole distributor, that Martin conducted any activity to prepare the product for sale, or that Martin held itself out as manufacturer. Clearly, Martin’s involvement with Jae-germeister consisted of transferring the product from the importer to the retailer. There is no basis for holding that Martin occupied the position of manufacturer. Accordingly, plaintiff has failed to state a cause of action against Martin.
Because of our ruling on the above issue we need not reach the second issue raised by plaintiff-appellant.
For the above reasons the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.