CHEHARDY, Chief Judge.
This is a suit in redhibition for the sale of a 1987 Honey motor home, a recreational vehicle (RV), in which the plaintiffs seek return of the $52,675 purchase price plus additional damages. The defendants are Dupont Family Playhouses, the dealer which sold the RV to plaintiffs; Honey R.V.’s, Inc., which manufactured the body of the RV; and Ford Motor Company, which manufactured the chassis (including engine and drive train) of the vehicle. The plaintiffs allege joint and solidary liability between Ford and Honey.
Ford filed a motion for summary judgment, asserting it could not be liable in redhibition because it did not manufacture the vehicle and neither Ford nor any Ford dealer or entity sold the vehicle. The uncontested facts are that Ford sold the F-Super Duty Commercial Stripped Chassis to an Indiana dealer for less than $10,000; the dealer subsequently sold it to Honey; Honey constructed the body of the motor home onto the chassis and marketed the RV under the name “Honey”; and the RV was sold to the plaintiffs by defendant Dupont, a consignment dealer, for more than $50,000.
In the motion for summary judgment Ford sought dismissal of the claims against it on the ground that plaintiffs have no vendor-vendee relationship with Ford, which manufactured only a component part of the vehicle. Summary judgment was denied, whereupon Ford filed this application for supervisory writs.
We conclude the trial court erred in refusing to grant summary judgment. As the plaintiffs themselves have pointed out, this suit is in redhibition, not in products liability. La. Civ. Code art. 2520 defines red-hibition as the avoidance of a sale. Where there is no vendor-vendee relationship between the plaintiff and the defendant, there can be no claim based on redhibition. See Cipriano v. Superior Realty & Construction Corp., 228 La. 1065, 84 So.2d 822 (1955); Pittman v. Kaiser Aluminum, 559 So.2d 879 (La.App. 4 Cir.1990); Hostetler v. Gray & Co., Inc., 523 So.2d 1359 (La.App. *893 2 Cir.1988); Guidry v. Barras, 368 So.2d 1129 (La.App. 3 Cir.1979); LeBlanc v. Ellerbee Builders, Inc., 317 So.2d 1 (La.App. 1 Cir.1975).
Although this rule was modified by Media Pro. Consult., Inc. v. Mercedes-Benz of N.A., Inc., 262 La. 80, 262 So.2d 377 (1972), that case is not applicable here, where the relator manufactured only part of the vehicle. Similarly, the cases cited by the plaintiffs to support their claim for redhibition do not apply, either because the cause of action was in products liability rather than in redhibition—Duplechain v. Clausing Machine Tools, 420 So.2d 720 (La.App. 4 Cir.1982)—or because the component manufacturer did not make an issue of the defense as Ford has—Baham v. Community Motors, Inc., 428 So.2d 867 (La.App. 1 Cir.1983)—or because the issue was not part of the holding of the case—Peterson v. Coleman Oldsmobile, Inc., 393 So.2d 372 (La.App. 1 Cir.1980).
For the foregoing reasons, the application for writs is granted. The judgment of the trial court is reversed and judgment is hereby rendered in favor of the defendant, Ford Motor Company, and against the plaintiffs, Becky Pitfield, Wife of/and Wayne Pitfield, dismissing the suit as against Ford Motor Company, at plaintiffs’ costs.
WRITS GRANTED: JUDGMENT REVERSED AND RENDERED.