# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 03-0918

**MIKE LEGROS**

**VERSUS**

**ARC SERVICES, INC., ET AL**

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 1997-7329
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS
JUDGE**

**********

Court composed of John D. Saunders, Billie Colombaro Woodard, Marc T. Amy, Michael G. Sullivan and Billy H. Ezell, Judges.

**AMY, J., DISSENTS AND ASSIGNS WRITTEN REASONS.**

**SULLIVAN, J., DISSENTS FOR THE REASONS ASSIGNED BY JUDGE AMY.**

**REVERSED.**

Gregory Marceaux
Marceaux Law Firm
1800 Ryan Street, Suite 101
Lake Charles, LA 70601
(337) 433-3300
COUNSEL FOR PLAINTIFF/APPELLANT:
        Mike LeGros

Benjamin Mount
Bergstedt & Mount
P.O. Drawer 3004
Lake Charles, LA 70602-3004
(337) 433-3004
COUNSEL FOR DEFENDANT/APPELLEE:
        ARC Services, Inc.

Matthew Landreau
Jones, Walker, Waechetr, Poitevent, Carrere & Denegre
500 Dover Blvd., Suite 120
Lafayette, LA 70503
(337) 406-5610
COUNSEL FOR DEFENDANT/APPELLEE:
        Cummins Engine Co., Inc.

**SAUNDERS, J.**

Mike LeGros appeals the judgment of the trial court granting Cummins Engine Co., Inc.'s ("Cummins") Peremptory Exception of Prescription. We reverse.

## FACTS

Mr. LeGros owns and operates the commercial shrimping vessel "Mrs. Angie." On March 24, 1995, Mr. LeGros purchased an 855 cubic inch 400 horsepower Cummings continuous heavy-duty engine from ARC Services, Inc. ("ARC"), for use on the "Mrs. Angie." However, what Mr. LeGros actually received and had installed on his vessel was a rebuilt 855 cubic inch 400 horsepower Cummins continuous *medium-duty* engine.

Immediately after purchasing and installing the engine Mr. LeGros experienced problems with it. On the second or third night of use, the engine overheated and the manifold burst. ARC performed the necessary overhaul of the engine. Despite this overhaul, the engine continued to experience problems on use and required two additional overhauls by ARC, the final overhaul by ARC was performed in July of 1995.

In September of 1995 the engine's manifold and turbo needed to be replaced again. ARC did not have all necessary replacement parts, so Mr. LeGros had the engine repaired by a different shop. The appellant claims that the engine continued to run hot, and he eventually asked Gulf Coast Power to look at the engine and try to determine why it continued to run hot. In November of 1996 the cam shaft was pulled from the engine and Gulf Coast Power informed Mr. LeGros that the wrong cam shaft had been installed in the engine. Although replacing the cam shaft alleviated many of the problems with the engine, the prior overheating of the engine damaged it to the point that it had become useless.

On August 28, 1997 Mr. LeGros filed a redhibitory action against ARC claiming that the engine contained redhibitory defects and that he was entitled to the return of the purchase price, damages, and attorney's fees. ARC filed an exception of prescription, which was granted by the trial court but reversed by this court. On June 11, 1999, Mr. LeGros filed a First Supplemental and Amending Petition naming Cummins as a defendant, re-alleging his redhibitory action against ARC, and alleging a redhibitory action against Cummins.

A hearing on Cummins' exception of prescription was held on May 9, 2003. The trial court granted Cummins' Exception of Prescription, stating: "I am not convinced at this time that Cummins is a solidary obligor with ARC and as such I find that I believe this matter has prescribed. I don't think that the filing of the Supplemental and Amending petition was timely, and, accordingly, it has prescribed."

Mr. LeGros presents the following issue on appeal: "Whether the trial court erred in sustaining the exception of prescription, as prescription did not run against Cummins as Cummins and ARC are solidary obligors."

## DISCUSSION

Under Louisiana law, a buyer is entitled to a warranty against redhibitory vices unless it has been expressly waived. Louisiana Civil Code art. 2520 provides:

> The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
>
> A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
>
> A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction

2

of the price.

A waiver of such warranty against redhibitory defects must be written, and must be presented in clear and unambiguous terms. *Tuttle v. Lowrey Chevrolet, Inc.*, 424 So.2d 1258 (La.App. 3 Cir. 1982). There is no evidence of such a waiver in the instant matter.

Mr. LeGros argues that, under Louisiana law, a seller and a manufacturer are solidarily liable to a buyer for redhibitory defects in a thing sold. In support of his argument Mr. LeGros cites the landmark Louisiana Supreme Court case *Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc.*, 262 So.2d 377 (La.1975). In that case, a buyer sued the auto dealer to recover the purchase price of an automobile so defective as to require the avoidance of the sale. The plaintiff obtained a judgment against the automobile dealer, who had since gone out of business. The issue before the supreme court was whether the plaintiff could recover the cost of the vehicle from the manufacturer, Mercedes-Benz of North America. The supreme court held:

> Two warranty obligations are inherent in every sale, the warranty of merchantable title and the warranty of reasonable fitness for the product's intended use. LSA-C.C. Arts. 2475, 2476.
>
> . . . .
>
> Louisiana has aligned itself with the consumer-protection rule, by allowing a consumer without privity to recover, whether the suit be strictly in tort or upon implied warranty. *Marine Ins. Co. v. Strecker*, [234 La. 522, 100 So.2d 493 (1958) ]; *LeBlanc v. Louisiana Coca Cola Bottling Co.*, 221 La. 919, 60 So.2d 873 (1952).
>
> We see no reason why the rule should not apply to the pecuniary loss resulting from the purchase of a new automobile that proves unfit for use because of latent defects.
>
> . . . .
>
> The pecuniary loss resulting from an unusable vehicle is

3

recoverable when there is an Express warranty without privity. (Citations omitted). Although there is a split of authority on the question, we find no adequate reason for not applying the same rule and allowing recovery when there is an Implied warranty without privity. (Citations omitted).

We hold, therefore, that Mercedes-Benz of North America, Inc., is solidarily liable with Cookie's Auto Sales, Icn. [sic] for the price of the automobile and other allowable expenses.

*Id.* at 380-81.

This holding by the supreme court was later relied upon by the First Circuit in *Womack and Adcock v. 3m Business Products Sales, Inc., et al*, 316 So.2d 795 (La.App. 1 Cir. 1975). The case involved a redhibitory action in which plaintiffs sought recission of the sale of a defective 3M copier. In *Womack* the First Circuit stated:

Under the articles of the Louisiana Civil Code the buyer can bring an action against the seller to rescind the sale for breach of implied warranty; LSA-C.C. Arts. 2475, 2476, 2520, 2530. Since the now famous case of *Media Pro. Consult., Inc. v. Mercedes-Benz of N.A ., Inc.*, 262 La. 80, 262 So.2d 377 (1972), noted in 33 La.L.Rev. 724 (1973) and 47 Tul.L.Rev. 473 (1973), the buyer's action for breach of implied warranty has been extended to all sellers in the chain of sales back to the primary manufacturer; see *Rey v. Cuccia, La.*, 298 So.2d 840 (1974); *Clark v. McBride Dodge, Inc.*, 298 So.2d 841 (La.App.4th Cir. 1973); *Breaux v. Winnebago Industries, Inc.*, 282 So .2d 763 (La.App.1st Cir. 1973); Barham: Redhibition; A Comparative Comment, 49 Tul.L.Rev. 376 (1975).

As the Court aptly stated in the *Media* case, supra, at page 381:

'Louisiana has aligned itself with the consumer-protection rule, by allowing a consumer without privity to recover, whether the suit be strictly in tort or upon implied warranty.'

*Id.* at 796.

The holdings of the above cases have been incorporated into the supporting text of La.Civ.Code art. 2545 in Revisions Comments (c) and (d). As such, these comments represent the accepted interpretation of article 2545 and its effect in

4

conjunction with established Louisiana jurisprudence and they have the effect of creating a presumption of solidary liability between manufacturers and sellers redhibition actions. After thirty years these holding still represent good law, and we confirm their legitimacy here.

Mr. LeGros further argues that, under Louisiana law, suit against one solidary obligor in a court of competent jurisdiction and proper venue acts to interrupt prescription as to all solidary obligors. *Cart v. Ducote*, 490 So.2d 731 (La.App. 3 Cir. 1986). He contends that, as he has established the existence of a redhibitory defect in the engine, his filing suit against ARC served to interrupt prescription on his claim against Cummins due to its solidary liability with ARC in this redhibitory action.

Cummins first argues that one possible way for Mr. LeGros to show that his redhibition claim has not prescribed is to prove that the first supplemental and amending petition relates back to the date of the original petition. Cummins cites several cases to support its contention that such a relating back is not applicable in the instant matter. While we find no fault with Cummins' analysis of the principle of relating back, it is an issue that is simply not before the court at this time. Mr. LeGros' sole argument against the prescription of his claim against Cummins is limited to the ground that solidary liability exists between seller and manufacturer in redhibitory defect actions, as provided by Louisiana case law and the Revision Comments of La.Civ.Code art. 2545. Therefore, this line of argument by Cummins is moot and need not be addressed further.

As to Mr. LeGros' solidary liability claim, Cummins contends that solidary obligor status does not exist between ARC and Cummins. Cummins cites *Davis v. Burlingame*, 607 So.2d 853 (La.App. 2 Cir. 1992), *writ denied*, 612 So.2d 84 (La. 1993), for the proposition that a seller and manufacturer are not solidary obligors

5

unless the seller is a professional vendor. Cummins argues that professional vendor status does not exist in this matter, and, therefore, it cannot be solidarily liable with ARC. Mr. LeGros argues that the instant matter is distinguishable from *Davis*. *Davis* is a products liability case, where the plaintiff is seeking damages for personal injury. The court in *Davis* states that the seller is generally not liable in products liability cases unless there is a showing of negligence on their part. Mr. LeGros contends that this same legal principle does not hold true in redhibition claims, where the seller must merely show a defect in the product sold and solidary liability is provided by precedent.

We agree with Mr. Le Gros, that *Davis* is clearly distinguishable from the instant matter. As the case law cited above states, solidary obligor status is established between a manufacturer and seller in cases of redhibitory defects. The extent of Cummins' actual liability for the effective engine, if any, is a matter for the trial on the merits. Cummins' solidary obligor status with ARC interrupted prescription when Mr. LeGros timely filed his claim against ARC, therefore, the trial court erred in granting Cummins' exception of prescription.

**DECREE**

We find that Cummins and ARC are solidary obligors the trial court's grant of Cummins' Peremptory Exception of Prescription was manifestly erroneous. All costs of this appeal are assigned to the appellees.

**REVERSED.**

6

MIKE LEGROS
Plaintiff - Appellant

VERSUS

ARC SERVICES, INC., et al.
Defendant - Appellee

AMY, J., dissenting.

I respectfully disagree that a reversal is warranted. In my opinion, the trial court's determination should be affirmed. Although I agree that the redhibition provisions of the Civil Code—as opposed to the Revised Statutes pertaining to products liability—apply herein, I differ in my approach as to the application of the relevant jurisprudence to the facts of the instant matter.

In *Womack and Adcock v. 3M Business Products Sales, Inc.*, 316 So.2d 795 (La.App. 1 Cir. 1975), cited by Mr. LeGros on appeal, the first circuit repeated the principle of solidarity described in *Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc.*, 262 So.2d 377, 262 La. 80 (La.1972), as follows: "Under the cases of Media, Rey, Clark, and Breaux [sic], cited Supra [sic], it is clear that when a sale is rescinded because of a redhibitory defect *related to the original manufacture of the product*, the buyer may recover the pecuniary loss resulting from the purchase from the manufacturer as well as from the seller." (Emphasis added.) *Womack*, 262 So.2d at 797. In my opinion, it is this very language, "related to the original manufacture of the product," which provides the proper focus and which precludes the broad application of the principle of solidarity of a seller and a manufacturer. Accordingly, it is my understanding of redhibition law that the critical question in

determining whether solidary liability exists is whether the plaintiff can prove that the alleged defect was a result of the manufacturing process.

In the case before us on appeal, Mr. LeGros has not asserted that the defect in his engine was due to Cummins' original manufacture of the product, nor has he claimed that the product was defective when Cummins delivered it to ARC. Mr. LeGros does not specifically allege when this defect occurred. Nonetheless, testimony adduced at trial tends to show that ARC performed an extensive overhaul on the engine at issue and that its representative was unsure whether its allegedly defective crankshafts were the originals as manufactured by Cummins or if they were purchased elsewhere as replacements. Consequently, it is my opinion that Cummins and ARC Services have not been shown to be solidary obligors. I would affirm the trial court's decision to grant Cummins' exception of prescription accordingly.

I respectfully dissent.