# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 15-626 consolidated with 15-631


**D & D DRILLING & EXPLORATION, INC.**

**VERSUS**

**XTO ENERGY, INC., ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 49008
HONORABLE RONALD L. LEWELLYN, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE


\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**WRITS GRANTED AND MADE PEREMPTORY.**

**Leo Boothe**
**Attorney at Law**
**4134 Dunbarton Road**
**Ferriday, LA 71334**
**(318) 744-5414**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
**D & D Drilling & Exploration, Inc.**

**William C. Rowe, Jr.**
**Joseph S. Manning**
**Jeffrey Scott Wittenbrink**
**Leighann N. Guilbeau**
**David C. Bolton**
**Mary Katherine Shoenfelt**
**Rowe Law Firm, LLC**
**5157 Bluebonnet Blvd.**
**Baton Rouge, LA 70809**
**(225) 293-8787**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
**D & D Drilling & Exploration, Inc.**

**Joseph I. Giarrusso, III**
**Joe Barrelle Norman**
**Kathryn Z. Gonski**
**Jaclyn E. Hickman**
**Liskow & Lewis**
**One Shell Square**
**701 Poydras St., #5000**
**New Orleans, LA 70139-5099**
**(504) 581-7979**
**COUNSEL FOR DEFENDANT RESPONDENT:**
**XTO Energy, Inc.**

**Paul Matthew Jones**
**Liskow & Lewis**
**P. O. Box 52008**
**Lafayette, LA 70505-2008**

**Michael P. Cash**
**Liskow & Lewis**
**1001 Fannin St., Ste 1800**
**Houston, TX 77002**
**(713) 651-2900**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
**XTO Energy, Inc.**

**Paula M. Wellons**
**Charles J. Duhe, Jr.**
**Michelle Louise Maraist**
**Taylor, Wellons, Politz, & Duhe, APLC**
**1515 Poydras Street, #1900**
**New Orleans, LA 70112**
**(504) 525-9888**
**COUNSEL FOR DEFENDANTS/APPLICANTS:**
    **Clifton D. Pritchard**
    **Alliance Drilling Consultants, LLC**

**Barbara Bell Melton**
**Christie C. Wood**
**Faircloth, Melton, & Keiser, LLC**
**105 Yorktown Drive**
**Alexandria, LA 71303**
**(318) 619-7755**
**COUNSEL FOR DEFENDANTS/APPLICANTS:**
    **Clifton D. Pritchard**
    **Alliance Drilling Consultants, LLC**

**Gerald Anthony Melchiode**
**James J. Reeves, II**
**Melchiode Marks King, LLC**
**639 Loyola Ave, Ste 2550**
**New Orleans, LA 70113**
**(504) 336-2880**
**COUNSEL FOR DEFENDANTS/APPLICANTS:**
    **James River Insurance Company**

**GREMILLION, Judge.**

This matter comes before us on remand from the Louisiana Supreme Court. *D&D Drilling & Exploration, Inc. v. XTO Energy, Inc.*, 15-1881 (La. 11/20/15), 180 So.3d 313. The issue in the case is whether venue is proper in Concordia Parish. For the reasons that follow, we conclude that venue is not proper in Concordia Parish; therefore, we grant the applicants' applications for writs peremptorily and order the matter transferred to the Twenty-Eighth Judicial District Court.

## FACTS AND PROCEDURAL HISTORY

D&D Drilling & Exploration, Inc. (D&D) filed suit on December 14, 2014 in the Seventh Judicial District Court in Concordia Parish against XTO Energy, Inc. (XTO), Alliance Drilling Consultants, LLC (Alliance), Clifton Pritchard, and James River Insurance Company, for damages resulting from the loss of its drilling rig, known as Rig 1, on July 14, 2014. D&D's petition alleged that the suit against XTO was being pursued under the terms of a contract it had with XTO, and the remaining defendants were being sued in tort. The destruction of Rig 1 occurred in LaSalle Parish at a site known as La. Central Oil & Gas Well E77. According to the allegations of D&D's petition, Rig 1 was lost because Mr. Pritchard, an employee of Alliance, which XTO had retained to operate the rig, failed to ensure that sufficient bentonite well mud was on hand at the rig. D&D further contends that the lack of sufficient mud resulted in the well blowing out and erupting in fire.

D&D is domiciled in Concordia Parish. XTO is a Delaware corporation and was served through its registered agent for service of process in Baton Rouge. Alliance and Mr. Pritchard are domiciled in LaSalle Parish. James River is a foreign insurer served through the Louisiana Secretary of State.

XTO filed an exception of improper venue in which it argued that venue was improper in Concordia Parish. James River filed a similar exception, followed by Alliance and Mr. Pritchard. The exceptions were heard and denied on March 16, 2015. The judgment denying the exceptions was signed on May 1, 2015. On May 18, James River, Alliance, and Mr. Pritchard filed a joint answer. The following day, they filed a notice of their intent to seek supervisory writs from this court. XTO filed its notice of intent to seek writs on May 20. We denied writs on September 17, 2015. On November 20, 2015, the Louisiana Supreme Court granted James River's application for supervisory or remedial writs and remanded to this court for full briefing and argument.

## ANALYSIS

In suits involving two or more defendants, those defendants may be joined in the same suit if the following requirements are met:

(1) There exists a community of interest between the parties;

(2) Each of the actions cumulated is within the jurisdiction of the court;

(3) Each of the actions is brought in a parish of proper venue; and

(4) All of the actions are mutually consistent and employ the same form of procedure.

La.Code Civ.P. art. 463. Thus, a suit against two or more defendants must be filed in a parish of proper venue as to all defendants. *See Abshire v. State, Through Dep't of Ins.*, 93-923 (La.App. 3 Cir. 4/6/94) 636 So.2d 627, *writ denied*, 94-1213 (La.6/24/94), 640 So.2d 1332.

Venue is governed by Book I, Title I, Chapter 2, of the Louisiana Code of Civil Procedure. The general rules of venue are stated in La.Code Civ.P. art. 42:

The general rules of venue are that an action against:

2

(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence.

(2) A domestic corporation, a domestic insurer, or a domestic limited liability company shall be brought in the parish where its registered office is located.

(3) A domestic partnership, or a domestic unincorporated association, shall be brought in the parish where its principal business establishment is located.

(4) A foreign corporation or foreign limited liability company licensed to do business in this state shall be brought in the parish where its principal business establishment is located as designated in its application to do business in the state, or, if no such designation is made, then in the parish where its primary place of business in the state is located.

(5) A foreign corporation or a foreign limited liability company not licensed to do business in the state, or a nonresident who has not appointed an agent for the service of process in the manner provided by law, other than a foreign or alien insurer, shall be brought in the parish of the plaintiff's domicile or in a parish where the process may be, and subsequently is, served on the defendant.

(6) A nonresident, other than a foreign corporation or a foreign or alien insurer, who has appointed an agent for the service of process in the manner provided by law, shall be brought in the parish of the designated post office address of an agent for the service of process.

(7) A foreign or alien insurer shall be brought in the parish of East Baton Rouge.

Thus, under the general rule of Article 42, the action against Alliance, Mr. Pritchard, and James River, Alliance's insurer, would be proper in LaSalle Parish and against XTO and James River would be proper in East Baton Rouge Parish. Venue in Concordia Parish would not be proper under Article 42.

However, the Code of Civil Procedure venue articles admit of a variety of exceptions to the general rules. In the ordinary course of proceedings, a mover or exceptor bears the burden of proof. However, a plaintiff seeking to establish venue

3

by invoking the exceptions to the general rules of venue bears the burden of proof. *See Price v. Roy O. Martin Lumber Co.*, 03-2647, 03-2669, 03-2670, 03-2671, 04-227 (La.App. 3 Cir. 4/27/05), 915 So.2d 816, *writ denied*, 05-1390 (La. 1/27/06), 922 So.2d 543. Appellate courts conduct de novo reviews of venue questions. *Id.*

One exception that appears pertinent to this matter is found in La.Code Civ.P. art. 76.1, which states, "An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract." D&D executed the contract in Concordia Parish, so venue would be appropriate as to the other party to that contract, XTO, in Concordia Parish. LaSalle Parish would also be a proper venue under Article 76.1, for that is where the work or service was performed under the contract.

Another exception pertinent to this case is found in La.Code Civ.P. art. 74, which provides:

> An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. An action to enjoin the commission of an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or may occur.
>
> As used herein, the words "offense or quasi offense" include a nuisance and a violation of Article 667 of the Civil Code.

D&D asserted its demands against Alliance and Mr. Pritchard in tort. Venue under Article 74 would clearly be proper in LaSalle Parish. However, D&D argues that this case calls for an extension of the concept of "where damages were sustained" to include Concordia Parish. We disagree. We see no sound policy reason to ignore the legion of cases that hold that the parish where the wrongful conduct occurred is the parish where damages were sustained under Article 74.

*See, e.g., Town of Eunice v. M&L Constr. Co.*, 123 So.2d 579 (La.App. 3 Cir. 1960). In *Fogleman Truck Line, Inc. v. Southern Bulk Carriers, Inc.*, 532 So.2d 226, (La.App. 3 Cir. 1988), we quoted with approval our colleagues on the first circuit in *Belser v. St. Paul Fire & Marine Ins.*, 509 So.2d 12 (La.App. 1 Cir. 1987). The *Belser* court undertook an exhaustive analysis of the jurisprudence interpreting Article 74, and concluded:

> The common thread that runs through the *Coursey-Foster-King-Williams-Lapeyrouse* line of cases is that, if any damage is caused to the plaintiff *in the parish where the wrongful conduct occurred,* that parish, and no other, is "the parish where the damages were sustained" for purposes of Article 74. This holding is consistent with the jurisprudence that Article 74 must be strictly construed. This holding evidences public policy determinations by the *Coursey-Foster-King-Williams-Lapeyrouse* courts that forum shopping should be minimized in actions for the recovery of damages for offenses and quasi offenses.

*Id.* at 18-19. The loss of Rig 1 is the basis for D&D's suit. That loss occurred in LaSalle Parish. LaSalle Parish is the only proper venue under Article 74.

Another exception potentially applicable to this case is Article 76.1, which states, "An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract." D&D executed the contract in Concordia Parish, which would make Concordia Parish a parish of proper venue. Based solely upon the D&D/XTO contract, that article would not extend venue to Alliance, Mr. Pritchard, or James River even were they joint or solidary obligors of XTO, because the article that governs venue in the case of joint and solidary obligors, La.Code Civ.P. art. 73, limits its exception to proper venues under Article 42 only:

An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.[1]

However, D&D argues that it did have a verbal agreement with Alliance, which would confer venue upon Concordia Parish. It never alleged that in its petition. It certainly offered no evidence at the hearing on the exceptions to prove that there was a contract.

Further, D&D argues, the retainer of Alliance and Pritchard by XTO constitutes a contract for D&D's benefit, a stipulation for a third party under La.Civ.Code art. 1978 et seq., known in Louisiana as a *stipulation pour autri*. Assuming that such a written contract exists, it was not offered into evidence on the exception. One attempting to prove the existence of a stipulation for a third party bears the burden of proving its existence. *Grabowski v. Smith & Nephew, Inc.*, 13-1409, 14-433 (La.App. 3 Cir. 10/1/14), 149 So.3d 899, *writ denied*, 14-2291 (La. 1/23/15), 159 So.3d 1057. Because the stipulation was not proven, we need not address its effect, if any, on the issue of venue.

Lastly, D&D argues that Alliance, Mr. Pritchard, and James River have waived their rights to object to venue in this proceeding because they filed answers before they filed their notices to apply for writs. We disagree. Although the exceptions had been denied, those parties did timely manifest their intent to apply for writs. Had they not filed answers, they would have left themselves at jeopardy of the entry of default judgments against them. D&D's assertion would effectively

---

[1] Louisiana Revised Statutes 13:3203 allows for proper venue in the parish of the plaintiff's domicile when the defendant is a nonresident served via long-arm. Louisiana Code of Civil Procedure art. 76 governs venue in actions based upon insurance policies.

denude any defendant of the right to appeal an adverse ruling on an exception of venue, as opposed to seeking redress through an application for supervisory writs.

## CONCLUSION

It is apparent from the face of the petition that Concordia Parish is not a proper venue for this matter under the general rules of venue found in La.Code Civ.P. art. 42. Venue is not proper in Concordia Parish under La.Code Civ.P. art. 74 because the tortious conduct allegedly occurred and damages sustained in LaSalle Parish. Venue is not proper in Concordia Parish under La.Code Civ.P. art. 76.1 because the only parties to the contract are D&D and XTO; venue must be established as to all defendants, and the fact that there may exist joint liability among the defendants does not render Concordia Parish a parish of proper venue because it would not be proper under Article 42. D&D offered no proof of any contractual provision that would constitute a stipulation for its benefit, even if that contract might establish venue in Concordia Parish. We reject D&D's contention that Alliance, Mr. Pritchard, and James River waived their right to contest the propriety of venue in Concordia Parish by filing answers before they sought supervisory writs from this court.

The judgment of the trial court denying the defendants' exceptions of improper venue is reversed. The matter is ordered transferred to the Twenty-Eighth Judicial District Court. All costs of these proceedings are taxed to Respondent, D&D Drilling & Exploration, Inc.

**WRITS GRANTED AND MADE PEREMPTORY.**