# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-1154

**CORY P. ROY AND ANGIE ROY**

**VERSUS**

**DIXIE RV SUPERSTORES OF ACADIANA, LLC, ET AL.**

\*\*\*\*\*\*\*\*\*\*

ON APPLICATION FOR SUPERVISORY WRITS FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2016-3209
HONORABLE KERRY L. SPRUILL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and Candyce G. Perret,
Judges.

**WRIT DENIED.**

**Glenn B. Adams**
**Porteous, Hainkel & Johnson, L.L.P.**
**704 Carondelet Street**
**New Orleans, LA 70130-3774**
**(504) 581-3838**
**COUNSEL FOR DEFENDANTS/RELATORS:**
**Dixie RV Superstores of Acadiana, LLC**
**Dixie Motors, LLC**
**REV Recreation Group, Inc.**

**Patrick M. Wartelle**
**Leake & Anderson, LLP**
**P. O. Drawer Z**
**Lafayette, LA 70502**
**(337) 233-7430**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
**Airxcel, Inc.**

**Cory P. Roy**
**Brandon J. Scott**
**Benjamin D. James**
**Renee Y. Roy**
**Roy, Scott & James**
**107 North Washington Street**
**Marksville, LA 71351**
**(318) 240-7800**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
**Cory P. Roy**
**Angie Roy**

**SAUNDERS, Judge.**

The defendants-relators, Dixie RV Superstores of Acadiana, LLC (Dixie RV); Dixie Motors, LLC (Dixie Motors); and REV Recreation Group, Inc. (REV), seek supervisory writs from the judgment of the Twelfth Judicial District Court, the Honorable Kerry Spruill presiding, which denied their exception of improper venue. We deny this writ.

## STATEMENT OF THE CASE

The instant case arises from Cory and Angie Roy (the plaintiffs) purchasing a recreational vehicle (RV) on November 8, 2012. The RV was manufactured by REV, and the HVAC system within the RV was manufactured by Airxcel. On June 24, 2016, the plaintiffs filed a redhibition action against REV, Dixie RV, and Airxcel, alleging rehibitory defects in the RV, including, but not limited to, the HVAC system. REV subsequently filed a notice of removal based on diversity of citizenship and removed the litigation to the United States District Court for the Western District of Louisiana. The plaintiffs then amended their petition to add Dixie Motors as a party defendant and filed a motion to remand the litigation to state district court. The motion was granted, and the matter was remanded back to state district court where the defendants filed two separate pleadings entitled "Exceptions, Motion and Answer," asserting in those pleadings an exception of improper joinder of parties and/or improper cumulation of actions, and an exception of improper venue.[1] At the hearing on the exceptions, the plaintiffs agreed to dismiss Dixie RV. The exception of improper venue, however, was denied. The defendants are now before this court on writs seeking review of the trial court's ruling which denied their venue exception.

---

[1] The parties stipulated that Dixie RV was located in Lafayette.

## SUPERVISORY RELIEF

"The proper procedural vehicle to contest an interlocutory judgment that does not cause irreparable harm is an application for supervisory writs. *See* La. C.C.P. arts. 2087 and 2201." *Brown v. Sanders*, 06-1171, p. 2 (La.App. 1 Cir. 3/23/07), 960 So.2d 931, 933. *But see* La.Code Civ.P. art. 2083, cmt. (b), "Irreparable injury continues to be an important (but not exclusive) ingredient in an application for supervisory writs."

## ON THE MERITS

The defendants argue that the trial court erred in denying the exception of venue. The defendants maintain that "a suit against two or more defendants must be filed in a parish of proper venue as to all defendants." *D & D Drilling & Expl., Inc. v. XTO Energy, Inc.*, 15-626, 15-631, p. 2 (La.App. 3 Cir. 5/4/16), 191 So.3d 1166, 1169, *writ denied*, 16-1540 (La. 11/18/16), 210 So.3d 285. When venue is improper as to one cumulated action, the defendants contend that the action must be dismissed. *See* La.Code Civ.P. art 464.

Under the general rule of venue set forth in La.Code Civ.P. art. 42(2), the defendants urge that an action against Dixie RV and Dixie Motors, domestic limited liability corporations, must be brought in Tangipahoa Parish, where the registered office is located for both corporations. The defendants point out that REV, a Delaware corporation with its principal place of business in Indiana, is registered to do business in Louisiana; thus, pursuant to La.Code Civ.P. art. 42(4), an action against REV would be proper in East Baton Rouge Parish. Accordingly, the defendants conclude that Avoyelles Parish is not a proper venue for the Dixie defendants or REV.

2

Regarding Airxcel, the manufacturer of the HVAC unit in the RV at issue, the defendants assert that Airxcel is a foreign corporation that is not licensed to do business in Louisiana and has no designated agent for service of process in Louisiana. Under La.Code Civ.P. art. 45(5), the defendants concede that Avoyelles Parish, the parish of the plaintiffs' domicile, is the proper venue for an action against Airxcel.

Next, the defendants acknowledge that there are exceptions to the general venue rules such as an action on a contract which "may be brought in the parish where the contract was executed or the parish where any work or service was performed . . . ." La.Code Civ.P. art. 76.1. The defendants assert that the purchase agreement was executed and all service on the RV was performed in Tangipahoa Parish. Accordingly, even under this exception, the defendants maintain that venue is proper against the Dixie defendants in Tangipahoa Parish.

In support of their argument, the defendants refer to this court's decision in *D & D Drilling & Exploration, Inc.*, 191 So.3d 1166, wherein the loss of a drilling rig occurred in LaSalle Parish. The resulting lawsuit was filed in Concordia Parish, the parish of the plaintiff's domicile. XTO Energy, a Delaware corporation with a registered agent in East Baton Rouge Parish, retained Alliance Drilling, domiciled in LaSalle Parish, to operate the drilling rig. Clifton Pritchard, an employee of Alliance Drilling, also domiciled in LaSalle Parish, was alleged to be at fault in the loss of the rig. James River Insurance Company, Alliance Drilling's insurer, was a foreign insurer served through the secretary of state. Under the general venue rules, the court concluded, "It is apparent from the face of the petition that Concordia Parish is not a proper venue for this matter under the general rules of venue found in La.Code Civ.P. art. 42." *Id.* at 1171.

Next, the court applied the exceptions to the general venue rules found in La.Code Civ.P. arts. 74 and 76.1:

> Venue is not proper in Concordia Parish under La.Code Civ.P. art. 74 because the tortious conduct allegedly occurred and damages sustained in LaSalle Parish. Venue is not proper in Concordia Parish under La.Code Civ.P. art. 76.1 because the only parties to the contract are D & D and XTO; venue must be established as to all defendants, and the fact that there may exist joint liability among the defendants does not render Concordia Parish a parish of proper venue because it would not be proper under Article 42. D & D offered no proof of any contractual provision that would constitute a stipulation for its benefit, even if that contract might establish venue in Concordia Parish.

*Id*. at 1171.

Applying the ruling in *D & D Drilling & Exploration, Inc.*, 191 So.3d 1166, to the instant case, the defendants maintain that the proper venue for the claims asserted against Airxcel is Avoyelles Parish. Tangipahoa Parish, the defendants contend, is the proper venue for the claims asserted against the Dixie defendants—where the registered offices are located, where the sales contract was executed, where the work was performed, and where the alleged wrongful conduct and damages were sustained. Lastly, the defendants assert that East Baton Rouge Parish is proper for REV.

Next, the defendants argue that the damages were sustained in Tangipahoa Parish, making Tangipahoa Parish a parish of proper venue under La.Code Civ.P. art. 74. The defendants refer to *Belser v. St. Paul Fire & Marine Ins.*, 509 So.2d 12 (La.App. 1 Cir. 1987), wherein the plaintiff filed suit in St. Helena Parish, the parish of his domicile, asserting products liability and medical malpractice claims arising from a heart surgery in East Baton Rouge Parish. The plaintiff's vision was permanently impaired following surgery. The court concluded that the trauma which caused the loss of vision occurred in East Baton Rouge Parish. The progression of the damage to the plaintiff's vision after returning home following

4

surgery did not make St. Helena Parish a parish where the damages were sustained for the purposes of Article 74.

Likewise, while the alleged damages in the instant case may have progressed in Avoyelles Parish, the defendants urge that the wrongful conduct occurred in Tangipahoa Parish for the purposes of Article 74. The defendants add that Tangipahoa Parish is a proper venue for all the defendants, including Airxcel.

Lastly, the defendants argue that the plaintiffs have not shown that Airxcel is a solidary obligor with the Dixie defendants for the application of La.Code Civ.P. art. 73. Article 73(A) provides:

> [a]n action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either [La.Code Civ.P.] Article 76 or [La.]R.S. 13:3203.

Article 76, the defendants contend, is not applicable as it concerns actions involving insurance policies. However, La.R.S. 13:3203 provides for venue in the parish of the plaintiff's domicile when the defendant is a nonresident served via the long-arm statute, i.e., Airxcel.

The defendants acknowledge this court's ruling in *LeGros v. ARC Services, Inc.*, 03-918 (La.App. 3 Cir. 2/25/04), 867 So.2d 63, *writ denied*, 98-2934 (La. 1/15/99), 736 So.2d 212, wherein the issue of solidary obligors was reviewed in the context of a redhibition action. The buyer timely filed a redhibition claim against the seller and, two years later, he amended the petition to add the manufacturer. This court, in a two to one decision, held that the manufacturer's status as a solidary obligor with the seller interrupted prescription for the buyer's redhibition claim against the manufacturer.

5

The defendants urge, however, that Judge Amy's dissent in *LeGros*, finding that the manufacturer and seller were not shown to be solidary obligors, is pertinent to the instant case:

> In *Womack and Adcock v. 3M Business Products Sales, Inc.*, 316 So.2d 795 (La.App. 1 Cir.1975), cited by Mr. LeGros on appeal, the first circuit repeated the principle of solidarity described in *Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc.*, 262 So.2d 377, 262 La. 80 (La.1972), as follows: "Under the cases of Media, Rey, Clark, and Breaux [sic], cited Supra [sic], it is clear that when a sale is rescinded because of a redhibitory defect *related to the original manufacture of the product*, the buyer may recover the pecuniary loss resulting from the purchase from the manufacturer as well as from the seller." (Emphasis added.) *Womack*, 316 So.2d at 797. In my opinion, it is this very language, "related to the original manufacture of the product," which provides the proper focus and which precludes the broad application of the principle of solidarity of a seller and a manufacturer. Accordingly, it is my understanding of redhibition law that the critical question in determining whether solidary liability exists is whether the plaintiff can prove that the alleged defect was a result of the manufacturing process.

> In the case before us on appeal, Mr. LeGros has not asserted that the defect in his engine was due to Cummins' original manufacture of the product, nor has he claimed that the product was defective when Cummins delivered it to ARC. Mr. LeGros does not specifically allege when this defect occurred. Nonetheless, testimony adduced at trial tends to show that ARC performed an extensive overhaul on the engine at issue and that its representative was unsure whether its allegedly defective crankshafts were the originals as manufactured by Cummins or if they were purchased elsewhere as replacements. Consequently, it is my opinion that Cummins and ARC Services have not been shown to be solidary obligors. I would affirm the trial court's decision to grant Cummins' exception of prescription accordingly.

*Id*. at 67.

In the instant case, the defendants assert that out of the plaintiffs' forty-nine exterior and interior problems listed in the petition, only one concerns Airxcel. Although the plaintiffs allege that all forty-nine exterior and interior defects are manufacturing defects that existed at the time of the sale, the defendants note that there are no specific allegations that the Airxcel unit failed due to a redhibitory defect. The defendants add that the HVAC unit was repaired on several occasions,

6

including while on the road; thus, the alleged defect could be the result of post-sale repairs or occurred prior to the sale when the unit was used as a demonstrator. Without providing specific allegations that a defect existed prior to delivery to REV and Dixie Motors, the defendants urge that the plaintiffs have not shown that Airxcel is a joint and solidary obligor with the Dixie defendants and REV; thus, venue is not proper in Avoyelles Parish.

In opposition, the plaintiffs contend that venue is proper for the entire action in Avoyelles Parish under Article 73. Airxcel, the plaintiffs assert, is a foreign corporation not licensed to do business in Louisiana; thus, under Article 42(5), Avoyelles Parish is a proper venue. Further, the plaintiffs state that an action in redhibition is an offense or quasi-offense for the purposes of Articles 73 and 74. *See Thibodeaux v. Hood Enter., Inc.*, 415 So.2d 530 (La.App. 1 Cir. 1982). The plaintiffs add that the petition sufficiently pleaded that Airxcel, REV, and the Dixie defendants are joint obligors for the defective HVAC system.

At the hearing, the parties stipulated that Dixie RV is domiciled in Tangipahoa Parish, that the RV was purchased at Dixie RV in Tangipahoa Parish, and that repair work was done at Dixie RV in Tangipahoa Parish. In denying the venue exception, the trial court found, as a matter of law, that the defendants were joint and solidary obligors, distinguishing the instant case from *D & D Drilling & Exploration, Inc*, 191 So.3d 1166. Further, the trial court stated that jurisdiction for Airxcel, a foreign corporation not licensed to do business in Louisiana, is appropriate in Avoyelles Parish under Article 42(5), the parish of the plaintiffs' domicile. Lastly, the trial court noted that there was no dispute that the plaintiffs were domiciled in Avoyelles Parish. In light of the jurisprudence cited by the

7

plaintiffs, *Albritton v. McDonald*, 363 So.2d 925 (La.App. 2 Cir. 1978),[2] *writ denied*, 366 So.2d 561 (La.1979), and *Ausama v. Frontier Public Coach Tours, Inc.*, 97-1271 (La.App. 1 Cir. 5/15/98), 712 So.2d 653[3], the trial court concluded that jurisdiction was proper in Avoyelles Parish and served judicial economy.

In the defendants' reply brief, they argue that the last amendment to Article 73 was in 1989 and predates the 1996 revisions to La.Civ.Code art. 2324. The revisions to Article 2324, the defendants assert, eliminated solidary liability, making non-intentional tortious acts joint and divisible. Further, the defendants urge that the writ "be granted" to resolve the split within the courts of appeal and within this circuit as to whether Article 73 regarding solidary obligors is applicable to the plaintiffs' redhibition claims.

Next, the defendants explain that in *Paragon Lofts Condominium Owners Ass'n v. Paragon Lofts, LLC*, 09-943 (La.App. 4 Cir. 2/10/10), 32 So.3d 303, the court found that the supplier and general contractor were not solidary obligors.

> Edifice[, the contractor,] has no contribution claim against Cement Board[, the supplier,] because Edifice and Cement Board are not solidary obligors; no contract existed between Cement Board and the Association regarding the Minerit board's installation. Additionally, La. C.C. art. 2324 was amended in 1996 to limit solidary liability to intentional tortfeasors. *Hernandez v. Chalmette Medical Center*, 2001-0074, p. 8 (La.App. 4 Cir. 2/4/04), 869 So.2d 141, 147, n. 2 (*citing Aucoin v. State, Through the Dept. of Transp. & Dev.*, 97-1938, p. 10 (La.4/28/98), 712 So.2d 62, 67). Liability for injuries caused by two or more non-intentional tortfeasors is now a joint and divisible obligation; each tortfeasor is assessed its own portion of fault. *Id.*

---

[2]    "[W]here a plaintiff has the right to institute an *action* on two or more claims arising out of one factual circumstance and that where venue is proper as to one claim, the disposition of which would affect the second claim as to which, if standing alone, venue might not be proper, the court has the venue of the *action* to decide both claims in the interest of efficient judicial administration, and the court therefore should overrule an exception to the venue." *Id*. at 928.

[3]    "Applying the above laws would result in a transfer of Clarendon, the insurer, to Tangipahoa Parish, while Frontier, the insured, remains in St. Mary Parish along with all other defendants. Clearly, such a result would not serve the interests of justice. Rather liberally construing these articles to allow the entire case to be tried in the same venue is the only logical solution. See LSA-C.C.P. art. 5051." *Id*. at 656.

8

> "With the advent of this new policy, the right of contribution among solidary tortfeasors also disappeared since it is no longer necessary in light of the abolishment of solidarity." *Dumas v. State ex rel. Dept. of Culture, Recreation & Tourism*, 2002-0563, p. 14 (La.10/15/02), 828 So.2d 530, 538.

*Id*. at 309-10. (Footnote omitted.)

After the decision in *LeGros*, 867 So.2d 63, discussed above, the defendants state that a different panel of this court in *Gradney v. Chandeleur Homes, Inc.*, 04-1546 (La.App. 3 Cir. 4/6/05), 900 So.2d 282, reached an opposite conclusion regarding solidary liability. The lower court held that the manufacturer of the home purchased by the plaintiffs was not solidarily liable with the seller of the home. The court reasoned that the sole cause of the defect in the home was the seller's fault (improper installation of the home). The ruling was affirmed on appeal.

Next, in *Aucoin v. Southern Quality Homes, LLC*, 06-979 (La.App. 3 Cir. 2/28/07), 953 So.2d 856, *affirmed in part, reversed in part*, 07-1014 (La. 2/26/08), 984 So.2d 685, the lower court found that the manufacturer and seller were solidary obligors in a redhibition action. An inspection prior to the sale revealed numerous defects which the seller promised to repair. After the sale, the buyers claimed multiple defects resulted in mold and mildew. In affirming the lower court, this court relied on Article 2545 to impose solidary liability. Granting the manufacturer's application for writ of certiorari, the supreme court acknowledged that the courts of appeal are split on the issue of whether Articles 2323 and 2324 apply to eliminate solidary liability in a redhibition action. The court found that the manufacturer was independently liable for redhibitory defects in existence at the time of delivery. The court, however, did not reach the issue of solidary liability. Accordingly, the defendants herein conclude that if Airxcel is not

solidarily liable with REV and/or the Dixie defendants, Article 73 does not apply, and venue in Avoyelles Parish is improper.

In the petition filed by the plaintiffs, they state that "**Airxcel** is made a defendant herein as a result of their manufacturing of the HVAC system of the coach." The plaintiffs also aver that the manufacturing defects existed at the time of the sale. As such, the facts herein are distinguishable from *LeGros*, 867 So.2d 63, wherein Judge Amy noted in his dissent that the plaintiff failed to assert that a defect was due to the original manufacture of the product or claim that the product was defective before delivery. Accordingly, the trial court's ruling finding solidary liability between Airxcel, a manufacturer, and Dixie Motors, the seller, is in keeping with the jurisprudence of this court. Further, the venue exception in Article 73 applies to Airxcel; thus, venue is proper in Avoyelles Parish, the parish of the plaintiffs' domicile.

**WRIT DENIED.** We find no error in the trial court's ruling.