# Third District Court of Appeal

## State of Florida

Opinion filed August 10, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-0133, 3D21-0134, 3D21-0152, 3D21-0153, 3D21-0172,
3D21-173, 3D21-0174, 3D21-0175, 3D21-176, 3D21-181 & 3D21-0182
Lower Tribunal Nos. 20-114 AP, 14-1790 SP, 20-115 AP, 14-1360 SP, 20-
151 AP, 15-1478 SP, 20-152 AP, 15-23 SP, 20-166 AP, 15-24 SP, 20-167
AP, 14-532 SP, 20-168 AP, 14-753 SP, 20-169 AP, 14-1186 SP, 20-170
AP, 14-1149 SP, 20-175 AP, 15-1504 SP & 20-176 AP, 14-2630 SP

_____

**First Medical & Rehab of Bradenton, LLC a/a/o Christina
Belony, Right Choice Medical & Rehab Corp. a/a/o Lucila
Price, Velo Chiro Fizik, Inc. a/a/o Carlos Galindo, Excel
Medical Diagnostics Inc. a/a/o Cathy Hill, Excel Medical
Diagnostics Inc. a/a/o Llessir Mendoza, Paradise General
Medical Center a/a/o Jose Alfonso, Dr. Randall Thompson
Chiropractic Center a/a/o Deidre Laster, First Medical &
Rehab of Bradenton, LLC a/a/o Esther-Lyne Simon,
Silverland Medical Center, a/a/o Francisco Santos, Velo Chiro
Fizik, Inc. a/a/o Daily Lugo, and The Personal Injury Clinic
a/a/o Cesy Milian,**
Appellants,

vs.

**Allstate Fire and Casualty Insurance Company, Allstate
Indemnity Company, Allstate Property and Casualty
Insurance Company, and Allstate Insurance Company,**
Appellees.

Appeals from the County Court for Miami-Dade County, Milena Abreu, Judge.

Douglas H. Stein, P.A., and Douglas H. Stein, for appellants.

Shutts & Bowen LLP and Daniel E. Nordby and Jason Gonzalez (Tallahassee), and Garrett A. Tozier (Tampa), for appellees.

Before MILLER, LOBREE and BOKOR, JJ.

LOBREE, J.

In this consolidated appeal,[1] the medical providers appeal final summary judgments entered in favor of the insurers (collectively referred to as "Allstate"), on respective claims that Allstate breached the applicable personal injury protection policies by failing to pay benefits due for medical services provided to the insureds. We discern no error and affirm the entry of summary judgment to the extent the trial court found that the policies at issue provide legally sufficient notice of the insurer's election to use the permissive fee schedules identified in section 627.736(5)(a)2., Florida Statutes (2009).[2] See Allstate Ins. Co. v. Orthopedic Specialists, 212 So. 3d

---

[1] These cases, which were consolidated for the purpose of oral argument, are hereby consolidated for opinion purposes as well. See J.M.B. v. State, 776 So. 2d 353, 354 (Fla. 1st DCA 2001) ("Cases may also be consolidated for oral argument, issuance of an opinion, or both.").

[2] Some of the relevant policies were issued in 2013, and thus the applicable Medicare fee schedules appear in section 627.736(5)(a)1., Florida Statutes (2013), under the 2012 reorganization of the statute. See MRI Assocs. of

973, 979 (Fla. 2017). We are constrained to otherwise reverse, however, because the record is devoid of an affidavit, or any summary judgment evidence, showing that Allstate paid pursuant to the fee schedules. See Gonzalez v. Citizens Prop. Ins. Corp., 273 So. 3d 1031, 1036 (Fla. 3d DCA 2019) (explaining that summary judgment movant "must offer sufficient admissible evidence to support his claim of the non-existence of a genuine issue. If he fails to do this his motion is lost." (quoting Harvey Bldg., Inc. v. Haley, 175 So. 2d 780, 782–83 (Fla. 1965))). As such, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Affirmed, in part, reversed, in part, and remanded.

---

Tampa v. State Farm Mut. Auto. Ins. Co., 334 So. 3d 577, 582 (Fla. 2021). This renumbering has no impact on our analysis.